UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PABLO VAQUERO MARTINEZ,

                      Petitioner,

        v.

MARKWAYNE MULLIN, *et al.*,

                      Respondents.

Case No. C26-2527-MLP

ORDER

        Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed, through counsel, this 28 U.S.C. § 2241 habeas action, asserting his "unlawful continued detention" violates his due process rights under the Fifth Amendment. (Dkt. # 1.) He asserts that Respondents have "failed to provide [him] with a meaningful opportunity to obtain review of his continued detention before a neutral decisionmaker." (*Id.*, ¶ 13.) He seeks release or a bond hearing. (*Id.*, ¶ 14.)

        Respondents filed a return (dkt. # 5), together with a sworn declaration from U.S. Department of Homeland Security ("DHS") Deportation Officer Christopher Hubbard (dkt. # 6),

ORDER - 1

and an unsworn declaration from their counsel Katherine Collins (dkt. # 7). Petitioner filed a traverse (dkt. # 8).

Having reviewed the parties' submissions and the governing law, the Court GRANTS in part the petition (dkt. # 1) and orders Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) for the reasons set forth below.

## I.   BACKGROUND

Petitioner is a native and citizen of Mexico, who entered the United States without inspection in October 2002. (Hubbard Decl., ¶¶ 3-4; dkt. # 1, ¶ 2.)

On June 3, 2026, ICE arrested Petitioner during a "targeted enforcement operation." (Hubbard Decl., ¶ 6.) He was served with a Notice to Appear ("NTA"), charging him with inadmissibility under the Immigration and Nationality Act ("INA"). (*Id.*) He was thereafter transferred to the NWIPC, where he remains detained. (*Id.*)

On July 21, 2026, Petitioner filed an application for cancellation of removal and adjustment of status, the merits of which, according to Officer Hubbard, were to be heard by an immigration judge during this case's pendency on August 5, 2026. (Hubbard Decl., ¶¶ 7-8.) The results of that hearing, if it occurred, are unknown from the record.

Petitioner has not received a bond hearing since his June 3, 2026 detention. (Dkt. # 1, ¶ 8; Hubbard Decl., ¶ 9.)

On July 31, 2026, Petitioner filed the instant petition. (Dkt. # 1.)

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance

ORDER - 2

of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.    DISCUSSION

The parties agree that Petitioner is entitled to a bond hearing as a Bond Denial Class member, as defined in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). (Dkt. ## 5 at 2, 8 at 2-3.) In *Rodriguez Vazquez*, the Court granted summary judgment to members of a certified class, defined as:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

802 F. Supp. 3d at 1336.

Although Petitioner does not discuss *Rodriguez Vazquez* in his initial petition, the circumstances of his entry into the United States that can be gleaned from the limited evidentiary record support finding Petitioner entitled to a bond hearing as a class member. He entered the United States in 2002 without inspection, was apprehended in the interior of the United States, and does not appear to be subject to detention under §§ 1226(c), 1225(b)(1), or 1231. The Court incorporates the reasoning from *Rodriguez Vazquez* and finds Petitioner is subject to discretionary detention under § 1226(a).

A bond hearing rather than release is the appropriate remedy. *See Orozco v. Hernandez*, 2026 WL 2186144, at *2 (W.D. Wash. July 29, 2026).

### IV.    CONCLUSION

Based on the foregoing, this Court hereby FINDS and ORDERS as follows:

(1)    Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED, in part.

ORDER - 3

(2)     Within **seven days** of receiving Petitioner's request for a bond hearing, Respondents must either release him or provide him with a bond hearing under 8 U.S.C. § 1226(a).

(3)     Nothing in this order prevents an immigration judge from granting a request by Petitioner for a continuance in his bond proceedings.

(4)     All remaining requested relief is DENIED without prejudice.

(5)     The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are reminded of the meet-and-confer requirement under this Court's chambers procedures.

Dated this 10th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4